*812 OPINION
PER CURIAM.
Petitioner Elaine Carter is a native and citizen of Jamaica who seeks review of the Board of Immigration Appeals’s (“BIA”) denial of her motion to reopen her removal proceedings. For the following reasons, we will deny the petition for review.
I.
The petitioner entered the United States as a conditional permanent resident in September 1993 based on her 1991 marriage to Yaqub Muhammed. In September 1995, Muhammed filed a 1-751 petition to remove the conditions to his wife’s residency. The Department of Homeland Security (“DHS”) (then, the Immigration and Naturalization Service) denied the petition in 1997 after determining that the marriage was fraudulent. The DHS then issued the petitioner a notice to appear (“NTA”), charging her with removability due to the termination of her conditional permanent residency status. See 8 U.S.C. § 1227(a)(1)(D)®. In July 1998, an Immigration Judge (“IJ”) found the petitioner removable as charged and determined that the INS properly denied the 1-751 petition. The BIA dismissed the appeal in October 2000.
The petitioner divorced Muhammed and in March 2001 married Herman Carter. The DHS then erroneously granted the petitioner conditional permanent residency based on her marriage to Carter. Mr. Carter filed an 1-130 petition for an alien relative, the couple jointly filed an 1-751 petition to remove the conditions on the petitioner’s residency, and the petitioner filed an 1-485 petition to register as a permanent resident or to adjust her status. In December 2004, the DHS denied the I-751 petition and terminated the petitioner’s status because the Attorney General had previously found that she had engaged in marriage fraud. See 8 U.S.C. § 1154(c). The petitioner was issued another NTA, which charged her with removability under 8 U.S.C. § 1227(a)(1)(D)®. She sought review of the denial of the 1-751 application, but in July 2005 the IJ found that removability had been established by clear and convincing evidence. The IJ also found that the DHS properly terminated the petitioner’s residency status because of the previous finding of marriage fraud. On March 22, 2006, the BIA dismissed Carter’s appeal.
Two years later, on May 8, 2008, the petitioner filed an untimely motion to reopen with the BIA alleging that her previous counsel failed to notify her of the BIA’s 2006 dismissal of her appeal. She also sought to apply for adjustment of status and/or cancellation of removal. The BIA denied all relief. It did not specifically deny the motion as untimely, but stated that, even if the statute of limitation were tolled, it would deny the motion because the petitioner was not prima facie eligible for adjustment of status or for cancellation of removal.
As to the petitioner’s request for adjustment of status, the BIA concluded that she was ineligible for an immediate relative petition because the Attorney General had previously found her to have engaged in marriage fraud. See 8 U.S.C. § 1154(c). The BIA also determined that she was not eligible for adjustment of status because she was statutorily precluded from obtaining an approved visa. See id.
The BIA then determined that the petitioner was ineligible for cancellation for removal. The petitioner based her claim for cancellation of removal on the hardship that would befall her grandson and goddaughter if she were removed to Jamaica. The BIA determined that the hardship “to these individuals is not relevant to an application for cancellation of removal.” See 8 U.S.C. § 1229b(l)(D) (specifying that the *813 hardship exception applies only to the petitioner’s “spouse, parent, or child”). The BIA concluded by stating that there was little chance “that discretion would be exercised in [the petitioner’s] favor[,] ... given her prior history of marriage fraud.”
Through counsel, the petitioner now seeks review of the BIA’s final order of removal.
II.
We exercise jurisdiction over a petition for review pursuant to 8 U.S.C. § 1252(a)(1), and we review the denial of a motion to reopen for an abuse of discretion. Ezeagwuna v. Ashcroft, 325 F.3d 396, 409 (3d Cir.2003).
The petitioner’s primary argument is that the BIA and IJ violated her due process rights by failing to conduct a hearing regarding the merits of her application for an adjustment of status. We have jurisdiction over the due process claim under 8 U.S.C. § 1252(a)(2)(D), and review de novo whether a petitioner’s due process rights were violated. Ezeagwuna, 325 F.3d at 405.
Carter appears to allege that the IJ violated her right to due process in his 2005 decision terminating her conditional permanent resident status. We do not have jurisdiction to review the IJ’s 2005 decision, as it was not a final order of removal. 8 U.S.C. § 1252(a)(1); Voci v. Gonzales, 409 F.3d 607, 613 (3d Cir.2005).
The petitioner also asserts that, on appeal from the IJ’s 2005 decision, the BIA deprived her of due process by failing to conduct a hearing on her claim for adjustment of status based on her second marriage. She asserts that she is eligible to adjust her status and that had a hearing been held, she would have provided the visa that she obtained based on her second marriage. We do not have jurisdiction over the BIA’s 2006 decision, as the petitioner did not file a petition for review of that decision, nor could she do so at this late date. See 8 U.S.C. § 1252(b); Stone v. INS, 514 U.S. 386, 394, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995) (holding that deportation orders are to be reviewed in a timely manner after issuance, regardless of the later filing of a motion to reopen or reconsider).
To the extent that the petitioner argues that the BIA’s denial of her 2008 motion to reopen was incorrect based upon the determination that she could not establish eligibility for adjustment of status, the BIA did not abuse its discretion. To be eligible for a discretionary grant of adjustment of status, the applicant must be eligible to receive an immigrant visa, be admissible for permanent residency, and demonstrate that an immigrant visa is immediately available to her when her application is filed. See 8 U.S.C. § 1255(a).[1] The BIA found that Carter was not eligible for an immediate relative visa because she had previously been found to have engaged in marriage fraud. See 8 U.S.C. § 1154(c) (“[N]o petition shall be approved if ... the Attorney General has determined that the alien has attempted or conspired to enter into a marriage for the purpose of evading the immigration laws.”). This finding is not in error, as the record demonstrates that: (1) in 1997 the INS denied the petitioner’s first 1-751 petition because she had engaged in marriage fraud, and (2) the IJ and the BIA concluded that this determination was proper. Because the BIA correctly found that the petitioner could not satisfy the *814 first prong of establishing eligibility for adjustment of status under § 1255(a), there is no need to discuss whether, as she claims, she meets the remaining requirements for obtaining an adjustment of status.
For the foregoing reasons, we deny the petition for review,

. I note that while this Court lacks jurisdiction to review the discretionary grant or denial of an adjustment of status, the determination of whether a petitioner is eligible for adjustment of status, "is a purely legal question” over which this Court retains jurisdiction. Pinho v. Gonzales, 432 F.3d 193, 204 (3d Cir.2005).